* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence and having done so, the Full Commission affirms in part and reverses in part the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The undersigned find as fact and conclude as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, which has jurisdiction over the parties and the subject matter. *Page 2 
2. All parties have been correctly designated and there is no question as to joinder or nonjoinder.
3. The parties are subject to and bound by the Workers' Compensation Act.
4. Records and documentary evidence were introduced into evidence as Stipulated Exhibits.
 * * * * * * * * * * *
Based upon the competent evidence of record, the undersigned make the following:
 FINDINGS OF FACTS
1. In December 2005, the parties submitted a compromise settlement agreement to the North Carolina Industrial Commission for review. On January 12, 2006, Special Deputy Commissioner Layla T. Santa Rosa issued an order approving the proposed compromise settlement agreement ("Order").
2. On February 7, 2006, plaintiff filed a motion with the Executive Secretary of the Industrial Commission seeking a 10% penalty for late payment of the proceeds under the Order. Executive Secretary Tracey Weaver denied plaintiff's Motion in an administrative order dated April 3, 2006. Subsequently, plaintiff filed a request for hearing.
3. At the hearing before the Deputy Commissioner, defendants' prior attorney, Craig Cannon testified, as did the paralegal of plaintiff's counsel, Wendy Roberts.
4. Mr. Cannon testified that defendants did not receive a copy of the Order and were not otherwise made aware that the Order had been entered until January 31, 2006, when Ms. Roberts informed him that the Order had been entered on January 12, 2006. Mr. Cannon is a lawyer in good standing with the North Carolina State Bar and the North Carolina Industrial Commission. The undersigned accept his testimony as credible. *Page 3 
5. At the hearing before the Deputy Commissioner on March 6, 2007, plaintiff presented no documentary or testimonial evidence that defendants received notice of the Order prior to January 31, 2006. Plaintiff's sole witness Ms. Roberts, admitted that she knew of no evidence that defendants received notice of the Order prior to January 31, 2006.
6. Owing to conditions over which defendants had no control, the undersigned find that defendants are excused for their late payment pursuant to the Order.
7. Once defendants received notice of the Order, defendants' prior attorney, Mr. Cannon, immediately contacted defendants to arrange for payment to plaintiff. Defendants made extensive efforts to provide payment as quickly as possible by having a courier travel from Winston-Salem to Raleigh to hand deliver the payment to plaintiff as soon as the checks arrived at Mr. Cannon's office.
8. Plaintiff received payment from defendants on February 8, 2006.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the undersigned reach the following:
 CONCLUSIONS OF LAW
1. Pursuant to N.C. Gen. Stat. §§ 97-18(e) and (g), the 24-day period prior to imposing a 10% late payment does not begin until the employer and/or insurer has notice of an order approving a proposed compromise settlement agreement. Pursuant to these statutory provisions, payment of the compromise settlement agreement was therefore not due until February 10, 2006.
2. Pursuant to N.C. Gen. Stat. § 97-18(g), plaintiff would not have been entitled to a 10% late payment penalty until after February 24, 2006. Since defendants provided payment to *Page 4 
plaintiff on February 8, 2006, defendants met the statutory deadline for payment and plaintiff is not entitled to a 10% late payment penalty.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the undersigned enter the following:
 ORDER
1. Plaintiff's claim for the 10% late payment penalty must be and the same is hereby denied.
This the __ day of December 2007.
S/______________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________________ DIANNE C. SELLERS COMMISSIONER